UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDREA WASHINGTON,<br>Plaintiff,<br>v.<br>SAN MATEO COUNTY BOARD OF SUPERVISORS, et al.,<br>Defendants. | Case No. 22-cv-01347-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Maguire Correctional Facility, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Her complaint (Dkt. No. 1)[1] is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

---

[1] This complaint is identical to the complaints filed in *Johnson v. San Mateo County, et al.*, C No. 22-cv-01342 BLF; *Majors v. San Mateo County, et al.*, C No. 22-01343 NC; and *Prasad v. Pine, et al.*, C No. 22-01346 JST; and *Benedic v. San Mateo County, et al.*, C No. 22-1480 KAW.

1  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
2  claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not
3  necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the
4  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
5  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
6  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
7  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
8  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
9  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a
10 right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
11 violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
12 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants the San Mateo County Board of Supervisors, Dave Pine, Carole Groom, Don Horsely, Warren Slocum, and David Cianepa. The complaint makes the following allegations. On April 4, 2021, the San Mateo County Sheriff's office stopped all incoming mail to inmates in Maguire Correctional Facility because unidentified inmates, with no connection to Plaintiff, had smuggled in a 13 film strip of suboxone through the mail. Plaintiff is currently unable to receive postal mail.

The complaint will be dismissed with leave to amend because the complaint does not identify any actions taken by the named defendants. The complaint identifies a policy by the San Mateo County Sheriff's Office, but does not link this policy to the named defendants. This dismissal is with leave to amend to address the identified deficiency. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by the allegation of other facts).

In preparing an amended complaint, Plaintiff is cautioned that the Prison Litigation Reform Act requires that inmates exhaust administrative remedies prior to filing suit. *See* 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (action must be dismissed

2

unless prisoner exhausted available administrative remedies *before* he or she filed suit, even if prisoner fully exhausts while suit is pending); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before prisoner sends complaint to court it will be dismissed even if exhaustion is completed by time complaint is actually filed). Here, Plaintiff has not indicated whether she exhausted her administrative remedies for her claims before filing suit. In preparing an amended complaint, Plaintiff should indicate whether she has exhausted administrative remedies.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 22-01347 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in her amended complaint all the claims she wishes to present and all of the defendants she wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 4/11/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge